RIVERA, PLAINTIFF AND APPELLANT, *v.* CASTRO, DEFENDANT AND
RESPONDENT.

APPEAL from the District Court of Mayagüez in an action
of ejectment.

No. 1073.—Decided May  22, 1914.

EJECTMENT—ONUS PROBANDI.—In an action of ejectment the burden is on the
  plaintiff to prove his title and identify the property in litigation.
ID.—CONFLICT OF TITLES—ONUS PROBANDI.—When, as in the case at bar, there
  is a conflict of recorded titles between the plaintiff and the defendant, the
  property in controversy being recorded in favor of both, the burden is on
  the plaintiff to prove his title from its origin and that not only the civil
  but also the material possession of the property was acquired by him before
  the defendant acquired his title, which proofs were not submitted in this case.
ID.—STATEMENT OF CASE—DOCUMENTARY EVIDENCE—EVIDENCE OF RECORD OF
  DEEDS.—While it is true that it is not necessary to transcribe the documen-
  tary evidence in full in the statement of the case, nevertheless, when it is
  important to show that the deeds were recorded in the registry, the part
  of the documents proving this fact should be inserted in the statement of
  the case.
ID.—CONFLICT OF TITLES—PRESUMPTION—PRIORITY OF TITLE.—When a property
  appears recorded in favor of both the plaintiff and the defendant and the
  lower court decides the conflict between the titles in favor of the defendant,
  in the absence of proof to the contrary it is to be presumed that the de-
  fendant's title is older than that of the plaintiff.

The facts are stated in the opinion.
*Mr. José Sabater* for the appellant.
*Mr. Leopoldo Felíu* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an action which in the court below was called a
"*reclamación de propiedad*," but is of course what is tech-
nically known as an action of reivindication.  In such an
action it is necessary for the complainant, by a preponder-
ance of the evidence, to prove his title, and to show that the
property he claims is the land wrongfully withheld by the
defendant.  In other words, the burden of the proof is cast
upon the complainant to prove his title and identify his land.
*Bianchi* v. *The Municipality of Añasco,* 2 S. P. R., 484; *En-
manuel* v. *The People,* 7 P. R. R., 216; *Verges et al.* v. *Suc-*

*cession of Pietri,* 3 P. R. R., 56; *Rivera* v. *The People,* 16
P. R. R., 731; *Díaz* v. *The People,* 17 P. R. R., 55; *Siragusa*
v. *The People,* 18 P. R. R., 579; *Martínez* v. *Delgado,* 18
P. R. R., 373.

The District Court of Mayagüez in its opinion found that
the property of nine acres which the complainant claims is
included within the property possessed and claimed by the
defendant.   The complainant showed a recorded claim of
title to such nine acres and the defendant showed a recorded
claim of title to a piece of property of about 180 acres in which
the property of the complainant, according to its descrip-
tion, was supposed to be topographically included.   In the
opinion of the court, then, and also by the answer of the de-
fendant, the latter was in possession of the property claimed
by the complainant, but the defendant also claimed under
a recorded title.   The court went on to consider whether the
defendant was wrongfully withholding the land of the com-
plainant without right or title thereto, and found that as the
nine acres were included in the 180 acres and the latter were
duly recorded, it could not be said that the defendant was
possessing without right or title as the complaint maintained.

The answer, as we have seen, set up that the land claimed
by the complainant had always been the sole, absolute, and
exclusive property of the defendant, admitting the identity,
and the court found that the nine acres were within the area
claimed by the respondent and for which he had a recorded
title.   When a man has a recorded title and identifies the
property, he makes out a *prima facie* case and this the com-
plainant did, but according to the court in its opinion, the
defendant also showed a duly recorded title.   In this conflict
of recorded titles the burden was still on the complainant
to prove his title from its origin and to show that his civil,
if not his physical, possession antedated the possession of
the defendant, or else that his title was paramount over the
title of the defendant.   The record does not show that he did
either of these things.

The opinion of the court says that the complainant derived his title from José Atanasio Ortíz in 1909 and that the latter inherited the land from his father in 1906, but the statement of the case does not show the latter date inasmuch as the deed itself is not presented. This was substantially all the proof produced at the trial to show the origin of the complainant's title and, in view of the conflict, this proof could not be considered enough.

The appellant maintains that having shown his title the burden of proof shifted to the defendant to show that his larger property did not include the nine acres claimed by the appellant. The proof of the respondent and some of the proof of the complainant showed or tended to show that the land claimed by the complainant was within the acreage claimed by the defendant of which he and his predecessors had been in possession for more than forty years and for which he had a title evidenced by various deeds and documents since before 1899. There are indications in the transcript that these deeds and documents were recorded although the transcript is not perfectly clear on the point. The deeds and documents were not copied into the record in their entirety. This practice is authorized by our rules and should be followed, but enough of the contents of such documents ought to be recited to show what the lower court had before it. When an appellant brings up a statement of the case which appears to contain all the proof, we have generally accepted such statement as containing all the material evidence that the court had before it. However, when we know that deeds and documents which probably showed the record of the defendant's title were offered in evidence and no such showing is made in this court, and when certificates from the registrar presented for similar purposes show that the title of the defendant is a recorded one, the presumption in favor of the judgment necessarily causes us to infer that the

proof showed that the defendant's recorded title was anterior to that of the complainant.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.